DLD-222                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1692
_____

KEITH DANIELS,
                                                     Appellant

v.

LT. TERRANCE T. ROSENBERGER; SGT. ALLAN J. WEBB; C.O. RAY W. BLOOR;
C.O. LARRY TWIGG; C.O. JEFFREY ALBA; C.O. WALTER COUSINS; C.O.
ANTHONY J. ALIANIELLO; C.O. D.A. ZIMMERMAN; JOHN AMDRADE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.1-05-cv-01601)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 7, 2010)
_____

OPINION
_____

PER CURIAM

      Keith Daniels, a Pennsylvania state inmate, appeals pro se from a District Court

order denying reconsideration of a grant of summary judgment for defendants.  Because

the appeal presents no substantial question, we will summarily affirm.

On August 8, 2005, Daniels filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that guards at the State Correctional Institution at Camp Hill (SCI-Camp Hill) used excessive force and a racial epithet against him on August 13, 2003. Daniels filed an amended complaint on September 5, 2006, raising the excessive force claim as a violation of his due process rights and alleging that guards assaulted him and denied him access to adequate medical treatment, food, clothing, water, ventilation, and housing in violation of his Eighth Amendment rights. He further alleged that guards "denied Plaintiff grievances and Plaintiff could not grieve his assault or actions of Defendants" during his six-month incarceration at SCI-Camp Hill. Defendants denied obstructing Daniels's access to grievance forms in their answer and raised his failure to exhaust administrative remedies as an affirmative defense.

To support their defense, defendants produced documentation arising from administrative review of Daniels's grievance concerning the August 2003 incident. SCI-Camp Hill policy grants inmates "15 working days after the event upon which the claim is based" to file a grievance. The first on-record grievance, in which Daniels complained of the SCI-Camp Hill incident, was filed by Daniels on October 7, 2004, over a year after the alleged event. Daniels had filed this grievance while an inmate of the State Correctional Institution at Smithfield, to which he had been transferred from SCI-Camp Hill in January 2004. Accordingly, the initial grievance reviewer rejected Daniels's

October 2004 grievance as untimely filed. Two levels of institutional appeal affirmed.

In the October 2004 grievance, Daniels also claimed that the filing was a "continuance from a grievance process that was initiated on 11/3/03 when incarcerated at SCI-Camp Hill." Both levels of appeal rejected this claim because a search of grievance records dating back to 2001 produced no record of a grievance filed by Daniels on November 3, 2003, and no record of a grievance filed prior to October 2004 concerning the August 2003 incident. To support his claim, Daniels submitted to the second level of prison appeals, an unsigned grievance form dated "11/3/03" bearing no indication of a grievance tracking number and no date of signature.

With this evidence, defendants moved for summary judgment before the District Court, raising Daniels's failure to exhaust administrative remedies as one basis for dismissal. The District Court agreed that Daniels's failure to exhaust was dispositive and dismissed his complaint, concluding that "Plaintiff's attempt to circumvent the obligation to exhaust by arguing that Defendants refused to provide him a grievance form is completely lacking in evidentiary support, including his own deposition testimony." Daniels filed a timely motion for reconsideration, in which he conceded that he did not timely file his grievance but maintained that defendants' refusal to provide grievance forms excused his failure to exhaust remedies. He provided no new evidence in support of his claim. The court denied his motion on February 3, 2010. Daniels timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a grant of summary

3

judgment is plenary.  See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

Summary judgment is proper where there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The record is viewed in the light most favorable to the non-moving party and all inferences are drawn in its favor.  See Kaucher, 455 F.3d at 423.  To overcome summary judgment, the non-moving party must provide sufficient evidence from which a reasonable jury could find in its favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the non-moving party fails to establish sufficiently "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under the Prisoner Litigation Reform Act, a prisoner must exhaust available administrative remedies before bringing suit concerning prison conditions.  See 42 U.S.C. § 1997e(a).  Whether an administrative remedy is available to the prisoner is a matter of law.  See Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002).  "'Available' means 'capable of use; at hand.'"  Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).  Proper exhaustion of administrative remedies requires filing a timely or otherwise procedurally non-defective grievance.  See Woodford v. Ngo, 548 U.S. 81, 83–84 (2006).  Failure to exhaust administrative remedies is an affirmative defense to be pleaded by the defendants.  See Ray, 285 F.3d at 295.

4

Having reviewed the record, we agree with the District Court's grant of summary judgment for defendants. Through five years of litigation, Daniels failed to provide evidence from which a reasonable jury could conclude that guards at SCI-Camp Hill obstructed his ability to file a timely grievance about the August 2003 incident. Rather, Daniels repeatedly contradicts his own claim. Daniels admits in his deposition that grievance forms were available upon request. Furthermore, his claim that he filed a grievance on November 3, 2003, undermines his argument that administrative remedies were not available to him while incarcerated at SCI-Camp Hill. Accordingly, Daniels was required to file his grievance within fifteen working days of the August 2003 altercation. The first on-record grievance complaining of the incident was filed on October 7, 2004. Daniels did not meet the prison's requirement for filing and, therefore, failed to exhaust his administrative remedies. The District Court properly granted summary judgment in favor of defendants.

Because we find no substantial question raised on appeal, we will summarily affirm. Appellant's motion for leave to file exhibits is GRANTED with respect to copies of the three misconduct forms filed by prison officials because those documents are included in the District Court record, but DENIED with respect to Daniels's "Inmate's Request to Staff Member" form and the letter from a Senior Deputy Attorney General, dated September 29, 2006, because those documents are not part of the record.